Chief Justice Robertson
delivered the Opinion of the Court.
This writ of error seeks a reversal of a judgment for eighty five dollars in damages, assessed in an action for an assault and battery. And the record presents only two questions for revision by this Court.
First. The Circuit Court sustained a demurrer to a plea averring that, since the commencement of the action, the parties had, by a written agreement, submitted all the matters of contest involved in the suit to arbitrators, who had not, when the plea was filed, made any award or heard any evidence.
The plea was, in our judgment, insufficient either to bar or abate the action.
It is said that, in an action of assumpsit, a plea that, prior to the institution of the suit, the parties had submitted the whole subject matter of contest to arbitrators might be good. (Laws on Assumpsit, and Kyd on Awards.) But the only reasons for that doctrine must be: first — because the pending arbitration may be considered a lis pendens, and therefore, until the arbitrators decline to act, or the submission be revoked, another suit should not be brought for the same cause of action; and, secondly (perhaps) because, when a submission is under seal, it might be deemed a merger of the simple contract, and therefore, the suit should be brought on the former, instead of the latter agreement.
But neither of these reasons can be applied to the plea in this case; because it admits that there was, at the impetration of the writ, a good cause for the action as brought; and because, also, the submission, even though unrevoked by the plaintiff in the action, could not be deemed a release of the suit, or of the cause of suit.
Evidence that a def t in an action of assault and battery is worth .so much~ — is wealthy, is not inadmissible: cer tainly not cause for a reversal when it has not produced an extravagant verdict.
A verdict for $85 damages, for a violent beating and wounding, with an axe, is not excessive; nor could a much higher verdict be so considered,especially where it was proved that the deft was amply able ¿to pay it.
If, in consequence of such a submission, there might have been cause for suspending the trial or continuing the case on the ground of surprise, no suspension or continuance having been asked on any such ground, the sufficiency of the plea is the only matter presented to us, on the demurrer thereto, and the judgment on that demurrer.
Second. The Circuit Court permitted the plaintiff in the action to prove, that the defendant was worth between ‡15,000 and 20,000. And we are of the opinion also that this, though novel, was not erroneous. In such an action, the jury have a right to know the condition of the parties. And, if such testimony as that here objected to, could tend to produce an exorbitant verdict, there is no doubt that, in this case, it had no such effect. And therefore, as the only ground of reasonable objection to such evidence would be that it might excite the passions of the jury, and the evidence in this case could not have had any such influence, the admission of it furnishes no cause for reversing the judgment.
The damages assessed should, in our opinion, be deemed moderate, for a violent beating and wounding (with an axe) of an old and intoxicated man. In such a case, we could not have said that a much higher verdict would have been extravagant, or unjust. In all such cases, personal security requires exemplary verdicts, for deterring passionate and lawless men from avenging, in their own way, their own supposed wrongs, or gratifying, as they may please, their own vindictive feelings. And, doubtless, the damages assessed by juries for such personal outrages, are more generally much too low, than too high.
In this case, there is certainly no cause for complaining, either of enormity in the assessment, or of passion in the jury; and this is shown, as well by the defendant’s ability to pay the amount of the judgment without oppression, or even much inconvenience, as by the character of the battery, and the injury done by it to the plaintiff in the action.
Wherefore, it is considered that the judgment of the Circuit Court be affirmed.